IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| COX ENTERPRISES, INC. SET-TOP ) | 12-ML-2048-C |
| CABLE TELEVISION BOX ) | |
| ANTITRUST LITIGATION ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Healy filed the present action as a class action alleging anti-trust violations by Defendant Cox Communications, Inc. ("Cox" or "Defendant"). This action follows attempts to certify a national class against Defendant. The Court determined that the national class could not be certified because of differences in the geographic market. Plaintiff, along with others, then filed Complaints raising the same claims as the national class but limited them to specific geographic areas.

Defendant filed the present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff has failed to plead facts stating a claim for relief. Specifically, Defendant argues: that Plaintiff has not pleaded sufficient facts to demonstrate market power because he has not properly defined the relevant geographic market; that Plaintiff has failed to state a claim for unjust enrichment under Oklahoma law; and that Plaintiff's damages must be limited to injury occurring since April 27, 2008.

1.  Sherman Act Claim.

The only issue is whether Plaintiff has pleaded facts demonstrating the existence of a properly defined geographic market. All other issues surrounding the adequacy of

Plaintiff's Sherman Act claim were resolved by the Court in its Orders in In re Cox MDL, Case No. 09-ml-2048.

"The geographic market is '"the narrowest market which is wide enough so that products from adjacent areas . . . cannot compete on substantial parity with those included in the market."'" Westman Comm'n Co. v. Hobart Int'l, Inc., 796 F.2d 1216, 1222 (10th Cir. 1986). The geographic market consists of the area of effective competition, and defining the relevant market is an issue of fact. Telecor Commc'ns, Inc. v. S.W. Bell Tel. Co., 305 F.3d 1124, 1131 (10th Cir. 2002). "The extent to which one market prevents exploitation of another market depends on the extent to which consumers will change their consumption of one product in response to a price change in another, *i.e.*, the 'cross-elasticity of demand.'" Eastman Kodak Co. v. Image Technical Servs. Inc., 504 U.S. 451, 469 (1992); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 893 (10th Cir. 1991).

The Complaint alleges that the "relevant geographic market is the area in which Cox provides Premium Cable in its Oklahoma City market." (Dkt. No. 1, ¶ 86.) Defendant argues this definition is inadequate as it ignores the relevant competitive forces at play in the defined region. According to Defendant, Plaintiff's definition ignores the fact that within the Oklahoma City Cox service area, customers may have many different options for multi-channel video programming distribution ("MVPD"). Thus, argues Defendant, there is no way to know if Defendant has market power in the geographic area.

The Court finds that Defendant is challenging Plaintiff's ability to prevail rather than whether the case is properly pleaded. Whether or not Defendant has sufficient market power

is an issue for resolution at summary judgment or on the merits. At this stage all Plaintiff is required to do is plead facts which make a claim that Defendant has adequate market power plausible. Review of Plaintiff's Complaint reveals that Plaintiff has met this burden.

2.   Unjust Enrichment

Defendant argues Plaintiff's unjust enrichment claim must be dismissed, as he makes only conclusory assertions regarding the amount of profits earned by Defendant and/or that any such "enrichment" has been at the expense of Plaintiff. Defendant's argument attempts to impose a requirement on Plaintiff that is not required by Oklahoma law. Oklahoma law defines unjust enrichment as follows:

> The term "unjust enrichment" describes a condition resulting from the failure of a party to make restitution in circumstances where it is inequitable. It is a recognized ground for recovery in Oklahoma.
>> A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . [It] arises not only where an expenditure by one person adds to the property of another, but also where the expenditure saves the other from expense or loss.

N.C. Corff Partnership, Ltd. v. OXY USA, Inc., 1996 OK CIV APP 92, ¶ 25, 929 P.2d 288, 295 (quoting 66 Am. Jur. 2d Restitution and Implied Contracts § 3 (1973)). Plaintiff's Complaint makes allegations that, if proven, would make it plausible that Defendant has retained a benefit that it should not be permitted to keep. Thus, Plaintiff has stated a claim for relief for unjust enrichment under Oklahoma law.

3.   Limitations Period

As its final proposition, Defendant argues Plaintiff's claims should be limited to those occurring after April 27, 2008. Defendant argues that any claims prior to that date are barred by the applicable statute of limitations. Plaintiff argues that his claims were tolled until the earlier national class was denied certification.

Defendant raises three arguments against tolling. First, that Plaintiff has not pleaded facts demonstrating that he was a class member in the national class. Second, even if he were a member of that class, he has no standing to represent the Cox subscribers expressly excluded from that class, who are included in the class definition in the underlying Complaint. Third, even if he were a class member of the national class, his claims are not tolled because the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the originally asserted class.

The Court will first address the legal issue of whether tolling is available. The parties are in agreement that the Tenth Circuit has not addressed this question. Defendant argues that tolling is not available, relying on rulings from the First, Second, Sixth, and Eleventh Circuits. The Court finds those cases distinguishable from the present case. In each case relied on by Defendant, the appellate court was concerned with the plaintiff therein abusing the class action and limitations period policies by filing consecutive class actions in order to re-urge similar class certification arguments. Indeed, each of the courts which have addressed piggy-backing or stacking of class actions have noted the need to accommodate both the policies behind class actions and the policies behind limitations periods. The

purpose of a limitations period is to prevent a plaintiff from sleeping on a valid claim, pursuing a stale claim, or otherwise prejudicing a defendant by not bringing a timely claim. Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 353-54 (1983). As the Supreme Court stated in Crown, Cork "[t]olling the statute of limitations thus creates no potential for unfair surprise, regardless of the method class members choose to enforce their rights upon denial of class certification." Id. at 353. On the other hand, the policy behind class actions is to allow multiple small claims to be aggregated to the extent they become worthwhile to pursue. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 617 (1997) (quoting Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997)).

It is clear that were the potential class members here to pursue individual claims, the limitations period would be tolled for those claims. See Crown, Cork, 462 U.S. at 353-54. To deny those same Plaintiffs tolling simply because they chose to take advantage of the class action procedure would run counter to the goals of Fed. R. Civ. P. 23. Thus, the Court finds that under the facts of this case, a balancing of the limitations period policies and class action policies requires tolling. Accordingly, that portion of Defendant's motion seeking dismissal of claims predating April 27, 2008, is denied.

Defendant's arguments regarding Plaintiff's membership in the nationwide class and/or his ability to represent other potential plaintiffs are issues more relevant to the class certification or damages stage. Accordingly, they will not be considered further here.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss Plaintiff Healy's Complaint is DENIED.

IT IS SO ORDERED this 9th day of January, 2013.

_____
ROBIN J. CAUTHRON
United States District Judge