IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) <br> ) <br> COX ENTERPRISES, INC. SET-TOP ) <br> CABLE TELEVISION BOX ) <br> ANTITRUST LITIGATION ) <br> ) <br> ANDREW ALWERT, ) <br> ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COX COMMUNICATIONS, INC., ) <br> ) <br>         Defendant. ) | Case No. 12-ML-2048-C |

## MEMORANDUM OPINION AND ORDER

In 2009, a case was filed against Defendant Cox Communications, Inc., asserting that its lease of set-top boxes violated Section 1 of the Sherman Act. The plaintiffs in that case sought certification of a nationwide class to litigate their claims. The Judicial Panel on Multidistrict Litigation consolidated the cases that had been filed across the country into a single case and it was assigned to this Court. The Court declined to certify the nationwide class and in 2012 that decision was affirmed by the Tenth Circuit on appeal. In September of 2012, Plaintiffs began refiling their claims against Cox, this time asserting local class actions. Those cases were again consolidated before this Court by the Judicial Panel on Multidistrict Litigation as part of this case.

In developing a Scheduling Order and a method for proceeding in these cases, the parties and the Court agreed that Healy v. Cox Communications would proceed as a

bellwether case. The parties and the Court then selected this case, Andrew Alwert v. Cox, as well as Stanley Feldman v. Cox, to proceed as secondary cases. The parties and the Court agreed that among the three cases most of the issues existing in any filed case could be addressed. As the litigation in the Healy case proceeded, and the case neared trial, Defendant filed a Motion to Compel Arbitration. In that Motion, Defendant argued that Mr. Healy, as well as numerous other class members, had accepted a modification to his service contract which included an arbitration clause. After briefing, the Court determined that Cox had waived its right to compel arbitration, based on the unreasonable delay and its tactics in litigating the case for such a long period of time before first raising the issue of arbitration. That decision is now pending on appeal before the Tenth Circuit Court of Appeals. Following the appeal of the Court's decision on arbitration in the Healy case, the Court lifted the stay in Alwert and Feldman, and directed the parties to begin preparations for moving those cases toward trial.

It is part of those preparations that are now before the Court. As all parties had anticipated, Cox now seeks to enforce the same arbitration clause as to Plaintiff Alwert. In responding to the Motion to Compel Arbitration, Plaintiff raises three arguments. First, Plaintiff asserts that for the same reasons the Court found in the Healy case, that Cox has waived its right to compel arbitration. According to Plaintiffs, this case has been in process for a substantial period of time and therefore to compel arbitration at this stage would be unjust. Plaintiff's second argument asserts that when the arbitration clause was inserted into the service contract, the 2009 nationwide class was pending. Therefore, relying on the Sixth

Circuit's case of Russell v. Citigroup, Inc., 748 F.3d 677, 679 (6th Cir. 2014), Plaintiff argues that this case is not subject to the arbitration clause. According to Plaintiff, because the arbitration clause is couched in the future tense, rather than past tense, it only applies to actions that were not yet in existence at the time the clause was presented. Finally, Plaintiffs argue that the clause cannot be enforced because it is illusory, as it gives Cox the sole right to modify the terms. In support of this argument, Plaintiff directs the Court to a Tenth Circuit case, Dumais v. American Golf Corp., 299 F.3d 1216, 1219 (10th Cir. 2002).

After consideration of the parties' arguments, the Court finds none of Plaintiff's objections overcome the "'national policy favoring arbitration.'" Nitro-Lift Techs., LLC v. Howard, ___ U.S. ___, ___, 133 S.Ct. 500, 501 (2012) (citation omitted). As for Plaintiff's argument regarding waiver, Plaintiff here was not a party in the Healy case. Rather, Plaintiff here filed a separate action related to conduct in a separate geographic area. While certainly there is some overlap in the nature of the claims, the cases are distinct. As Defendant notes, as a result of the agreed stay, there has been little if any work conducted in this case. Finally, none of the actions taken by Cox in the Healy case on which the Court based its finding of waiver have occurred in this case. Consequently, Plaintiff has failed to meet its "heavy burden" of proof in demonstrating waiver. Adams v. Merrill Lynch, Pierce, Fenner & Smith, 888 F.2d 696, 701 (10th Cir. 1989), and Hill v. Ricoh Ams. Corp., 603 F.3d 766, 775 (10th Cir. 2010).

As for the second argument, regarding the pendency of this action, as explained above, this action has only been pending since 2012. Thus, it was not pending when the

3

arbitration clause came into existence in 2011. Indeed, as Defendant artfully explains in its Reply brief, this case is not the same case that was pending at the 2009 stage. Plaintiff was not named as a plaintiff in that case; it proceeded under a different case number, and while certainly the assertions or the claims of wrong against Cox were the same, that is insufficient. Further, as the Court refused to certify the class, Plaintiff was never a party to that litigation. Finally, in order to initiate the present case, both Mr. Alwert and Mr. Feldman were required to file a new complaint. Because Plaintiff was not a party to the 2009 action and his action was not initiated until 2012, the arbitration clause can apply regardless of the "tense" of its language. Thus, Russell v. Citigroup, Inc., 748 F.3d 677, 679 (6th Cir. 2014), has no bearing on this case.

Finally, the Court finds Plaintiff has not shown that the arbitration agreement was either illusory or unenforceable. As Plaintiff notes in Dumais, the Tenth Circuit had held that "an arbitration agreement allowing one party the unfettered right to alter the arbitration agreement's existence or its scope is illusory." 299 F.3d at 1219. The Tenth Circuit then distinguished that case in Hardin v. First Cash Financial Services, Inc., 465 F.3d 470 (10th Cir. 2006), noting that although the agreement in that case permitted the defendant to modify it, those rights were not unrestricted. For example, the defendant was required to provide notice before any modification, and if a dispute or claim arose, that it could not amend or terminate the agreement regarding prior claims. The Tenth Circuit held "[t]hese limitations are sufficient to avoid rendering the parties' Agreement to arbitrate illusory." Here, while the agreement with Cox gives it the right to make changes to the terms of the agreement

4

and/or the pricing for its services, it also gives Plaintiff the right to avoid those changes by terminating service. Further, the terms of the agreement gives subscribers such as Plaintiff the opportunity to opt out of the arbitration agreement within thirty days of its initiation by Cox. The Court finds that these limitations are sufficient to avoid rendering the parties' agreement to arbitrate illusory. As the Tenth Circuit stated, "Under Oklahoma law, . . . an arbitration agreement allowing a defendant company the unilateral right to modify or terminate the agreement is not illusory so long as reasonable restrictions are placed on this right." Id. at 479. Because reasonable restrictions on modification exist, the Court finds the arbitration agreement was not illusory.

For the reasons set forth herein, Defendant Cox Communications, Inc.'s Motion to Compel Arbitration and Stay Proceedings (Dkt. No. 231) is GRANTED. This case is stayed pending completion of the arbitration proceedings or until such time as Plaintiff substitutes an appropriate class representative who is not subject to the arbitration provisions.

IT IS SO ORDERED this 22nd day of December, 2014.

_____
ROBIN J. CAUTHRON
United States District Judge