IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| COX ENTERPRISES, INC. SET-TOP ) | Case No. 12-ML-2048-C |
| CABLE TELEVISION BOX ) | |
| ANTITRUST LITIGATION ) | |

## MEMORANDUM OPINION AND ORDER

Rick Healy, on behalf of the Plaintiff class, filed the present suit against Defendant, alleging that Defendant illegally forces customers to rent a set-top box in order to gain full access to premium cable services. Plaintiff asserts Defendant's actions violate the Sherman Act, 15 U.S.C. § 1. The case has proceeded through discovery and is now set for trial. In anticipation of trial and in accordance with the Court's Scheduling Order, the parties have filed Motions in Limine. These Motions are addressed below:

**PLAINTIFF'S MOTIONS**

Plaintiff seek an Order from the Court prohibiting Defendant from offering evidence or argument regarding any alleged procompetitive justifications for or procompetitive effects of the tie alleged in this case. Defendant offers a number of arguments demonstrating that Plaintiff's Motion is premature. Indeed, until such time as evidence is presented at trial, and the underlying rationale behind Plaintiff's claims for recovery is clarified, it is impossible to determine whether or not the evidence sought to be excluded by Plaintiff is admissible. As Defendant notes, even then there are significant reasons why the evidence sought to be excluded by Plaintiff would still be relevant, as it goes to challenge elements necessary for Plaintiff to prevail on any theory of relief, as well as Defendant's affirmative defense.

Accordingly, Plaintiff's Motion *in Limine* to Exclude Evidence and Argument Regarding Alleged Procompetitive Justifications for or Effects of the Alleged Tie (Dkt. No. 291) is OVERRULED, subject to reconsideration in the context of trial.

Plaintiff has filed a Motion in Limine seeking to prevent Defendant Cox Communications from offering evidence and argument that the alleged tying product, premium cable, is not a separate product from the alleged tied product, the set-top box ("STB"). In response, Defendant notes an Order is unnecessary, as Cox does not intend to argue that premium cable and STBs are a single product.

Based on Defendant's concession, Plaintiff's Motion *in Limine* to Exclude Evidence and Argument That Premium Cable and the Set-Top Box Are Not Separate Products (Dkt. No. 294) is GRANTED.

Plaintiff has filed a Motion in Limine seeking an Order prohibiting Defendant Cox Communications from offering any affirmative opinions regarding the relevant tying product market in this case. Specifically, Plaintiff requests Cox be barred from offering any opinion or argument that (1) the relevant tying product market is two-way cable services; and/or (2) the relevant tying product market necessarily includes so-called over-the-top providers of video programming. In response, Cox notes that it does not intend to offer a competing definition of the relevant tying market; however, it does intend to demonstrate numerous alleged flaws in Plaintiff's proposed definition of the market.

Based upon Defendant's concession, Plaintiff's Motion *in Limine* to Exclude Cox from Offering Affirmative Opinions Regarding the Relevant Tying Product Market (Dkt. No.

297) is GRANTED. However, Defendant is certainly free to offer criticism of Plaintiff's definition.

Plaintiff has filed a Motion in Limine seeking an Order from the Court prohibiting Defendant from directly or indirectly offering evidence or argument relating to other multi-district suits, or other similar anti-trust actions, filed against other cable providers in other jurisdictions. In response, Defendant concedes that the other actions involve different plaintiffs, different defendants, and different facts, and therefore lack any relevance to the issue or facts involved in this litigation. Defendant asserts it has no intention of submitting evidence that other courts have ruled for cable company defendants in cases that raise issues similar to those presented in this case.

Based on Defendant's concession, Plaintiff's Motion *in Limine* Regarding Similar Litigation (Dkt. No. 301) is GRANTED.

Plaintiff requests the Court to prohibit Defendant's witnesses or counsel from directly or indirectly referring to any information regarding Plaintiff's class counsel's attorneys' fees or the costs of the litigation. In response, Defendant agrees that information regarding counsel's fees or the costs of litigation lacks relevance, with the exception that payments made by counsel to expert witnesses should be permitted as fair grounds for impeachment. Plaintiff agrees with Defendant's assertions regarding amounts paid to experts and both parties will be permitted to challenge their opponent's experts on this issue.

In accord with the rulings herein, Plaintiff's Motion *in Limine* Regarding Counsel Fees and Costs (Dkt. No. 302) is GRANTED.

Plaintiff has filed a Motion in Limine to exclude evidence or argument that the set-top box, capable of providing class members with all premium cable programming and services, was available for purchase at retail. According to Plaintiff, it is anticipated that Cox will seek to introduce evidence or otherwise argue to the jury that Cox did not coerce class members into renting its STB because STBs capable of accessing Cox premium cable programming and services were available for purchase in the retail market. In response, Defendant notes that it does not intend to introduce any evidence of its retail sales of STBs in Oklahoma City unless Plaintiff opens the door by introducing argument or evidence that Cox should have sold boxes but did not.

After consideration of the parties' briefs, the Court finds that it has previously satisfactorily addressed this matter. As Plaintiff notes, in its Order resolving Cox's Motion for Summary Judgment, the Court stated: "If it was not sufficiently clear in the Court's earlier Order, the Court will make it clear now: Defendant is prohibited from offering any evidence related to the retail sale of set-top boxes, either at trial or for any other purpose in this litigation. (See October 15, 2013, Order, Dkt. No. 85; November 5, 2013, Order, Dkt. No. 115)." (July 3, 2014, Mem. Op. & Order, p. 6, Dkt. No. 198.) The Court finds the issue is resolved by that ruling and Plaintiff's Motion was unnecessary. This ruling was a discovery sanction and an evidentiary ruling. Thus, Defendant's arguments suggesting Plaintiff may "open the door" are without merit.

Plaintiff's Motion *in Limine* to Exclude Evidence or Argument That Set-Top Boxes Capable of Providing Class Members with All Premium Cable Programming and Services Were Available for Purchase at Retail (Dkt. Nos. 304 & 305) is GRANTED.

Plaintiff has filed a Motion in Limine seeking an Order from the Court prohibiting Defendant from referring to and inquiring about Plaintiff's expert Lawrence Harte's bankruptcy or the obligations arising therefrom. In response, Defendant argues that it should be permitted to pursue the issues in order to demonstrate or attack Mr. Harte's credibility.

After consideration of the parties' arguments, the Court finds that Plaintiff's Motion will be overruled. The Court will issue a limiting instruction noting that any evidence related to Mr. Harte's bankruptcy is not evidence of truthfulness, only incentive and/or credibility. Further, the parties are advised to the extent this issue becomes unnecessarily time-consuming, the Court will reconsider its ruling. In the event it becomes apparent that any examination or cross-examination would exceed five minutes in time it is too time consuming. Additionally, Plaintiff shall submit a proposed limiting instruction to address the jury's consideration of Mr. Harte's testimony.

Accordingly, Plaintiff's Motion *in Limine* to Exclude Evidence of or Argument Concerning Lawrence Harte's Bankruptcy or Any Obligations Arising Therefrom (Dkt. No. 307) is OVERRULED.

**DEFENDANT'S MOTIONS**

Defendant requests the Court exclude all evidence or argument that Cox coerces its subscribers to lease an STB through any mechanism other than the denial of access to its Video on Demand or Pay-Per-View channels. Plaintiff argues Defendant is improperly narrowing his theories in creating an argument in support of its Motion. According to Plaintiff, he has offered substantial evidence from a variety of sources outlining the manner in which Cox allegedly coerced its customers.

The Court finds that Defendant's Motion impermissibly seeks to revisit issues that were or should have been raised in the summary judgment process. Therefore, Defendant's Motion to Exclude Evidence and Argument That Cox Coerces Its Subscribers to Lease a Set-Top Box from Cox by Any Mechanism Other than the Denial of Access to Its Two-Way Services (Dkt. No. 282) is DENIED.

Defendant seeks an Order preventing Plaintiff from seeking damages for those customers who were subject to rate regulation and to preclude Plaintiff's expert Dr. Hastings from offering testimony including DVR service fees as part of her damages calculation.

Both portions of Defendant's Motion have been resolved by prior Orders of the Court. To the extent there is confusion regarding the scope of the Court's Order on the filed rate doctrine, the Court's ruling is that class members living in rate regulated areas may not claim damages. Plaintiff agrees that he will proceed to trial with this limitation. Regarding the scope of Dr. Hastings' testimony on the DVR service fee, as Plaintiff notes, the Court has made clear that those fees are properly included in the damages calculation.

Defendant's Motion to Exclude Certain Evidence Regarding Its DVR Service Product (Dkt. No. 283 & 285) is OVERRULED.

Defendant seeks an Order preventing Plaintiff from offering undisclosed evidence in support of his tying claim. Defendant argues that Plaintiff may attempt to offer evidence that the tying product includes the DVR service fee. Defendant asserts such evidence would be improper. In response, Plaintiff argues Defendant misstates the role the DVR service fee plays. Plaintiff asserts that at trial, as he has throughout the case, he will include the DVR service fee as part of the damages evidence.

As noted above, the Court has previously ruled that the DVR service fees are properly included as an element of damages. Nothing in Defendant's Motion changes that ruling. Therefore, Defendant's Motion to Exclude Evidence Regarding Plaintiffs' Tying and Tied Markets (Dkt. No. 292 & 293) is OVERRULED.

Defendant seeks an Order precluding Plaintiff from offering evidence that Cox failed to adequately help third-party manufacturers develop and sell at retail STBs. Cox also seeks to exclude evidence of its dealing with the FCC. As Plaintiff notes, the Court has previously ruled that questions surrounding Cox's actions related to third-party manufacturers is an issue for consideration by the jury. Cox raises nothing in the present Motion that warrants revisiting that ruling. As for the regulatory process, again, the Court has recognized that evidence has probative value on Defendant's conduct in barring or prohibiting entry into the STB market.

Defendant's Motion to Exclude Argument and Evidence Related to Plaintiffs' Claim that Cox Failed to Help Manufacturers Develop a Retail Market for Two-Way Video Devices (Dkt. No. 298 & 303) is OVERRULED.

Defendant seeks an Order limiting the scope of Dr. Hastings' testimony. According to Defendant, Dr. Hastings did not disclose certain opinions in her expert report and therefore she should be prohibited from offering them at trial. After review of the substance of Defendant's Motion, the Court finds it is in reality a <u>Daubert</u> motion. As Defendant is aware, the deadline for such motions has long since passed. Regardless, the motion fails on its merits as the issues raised are matters for cross-examination rather than exclusion.

Accordingly, Defendant's Motion to Exclude Testimony of Professor Justine Hastings Concerning Any Impact of Cox's Alleged Practices (Dkt. Nos. 306 & 308) is OVERRULED.

Defendant seeks an Order precluding Plaintiff from offering any evidence or argument at trial that Cox did something wrong by leasing set-top boxes to subscribers, instead of selling boxes to them outright. Defendant argues that whether Cox leased or sold the set-top box is legally irrelevant to the tying claim because it had no obligation to sell either product, much less under specific terms. Further, Defendant argues that to permit Plaintiff to make this argument would be a factual lie, as all parties know that Cox did actually offer to sell set-top boxes to its customers, but that very few subscribers actually bought them. In response, Plaintiff notes he has no objection to the exclusion of argument or evidence that Cox did something wrong by leasing set-top boxes to subscribers instead of selling them boxes outright. Indeed, Plaintiff asserts he has never argued that Cox violated the anti-trust laws

8

by failing to sell set-top boxes to subscribers and does not intend to start now. Nor will Plaintiff offer evidence that Cox should have sold set-top boxes to subscribers. However, Plaintiff objects, arguing that the request to exclude evidence that Cox failed to offer set-top boxes for sale should be denied because evidence relating to Cox's decision not to sell set-top boxes is undeniably relevant to Cox's unlawful tying.

After consideration of the parties' arguments, the Court finds that Defendant's Motion should be denied. As Plaintiff notes, Defendant's rationale for not offering the sale of retail boxes because it felt it could make more profit from rental is relevant to the issues set for trial. Further, the Court finds that such evidence, if offered by Plaintiff, would not open the door to Defendant's argument that it should be permitted to offer evidence it actually did sell set-top boxes. At least part of the rationale for the Court's exclusion of evidence of those sales was a sanction for Cox's failure to properly provide discovery on those matters. To permit Defendant to offer that untested evidence at trial would be unfairly prejudicial to Plaintiff.

For these reasons, Cox Communication, Inc.'s Motion to Exclude Argument and Evidence That Cox Should Have Sold Set-Top Boxes to Subscribers (Dkt. Nos. 310 & 311) is DENIED.

Defendant has filed a Motion in Limine to exclude the testimony of David Park, arguing that he is in fact an expert witness retained by Plaintiff and the purpose of his testimony is to provide a foundation for exhibits as to which Plaintiff's other expert, Dr. Hastings, will testify. Defendant argues that because Mr. Park never submitted an expert

9

report he should be excluded as a witness. Plaintiff objects, arguing that Mr. Park has offered nothing more than authentication and summary testimony. In an attempt to resolve the issue, Plaintiff suggests that counsel provide a written offer of proof about the contents of Mr. Park's testimony and if and when Plaintiff decides to call Mr. Park, the Court can rule on Cox's Motion at that time.

The Court finds Plaintiff's proposed resolution satisfactory and will defer any final ruling on Cox's Motion until that time. Accordingly, Cox Communications, Inc.'s Motion to Exclude the Testimony of David Park (Dkt. No. 312) is HELD IN ABEYANCE.

Defendant has filed a Motion in Limine seeking to exclude from the jury pool any potential juror who has a direct financial stake in the outcome of the litigation. While Defendant's request would clearly include class members, Defendant requests the Court go further and exclude all current or former Cox subscribers who leased a set-top box. Defendant argues that an individual who leased a set-top box, even if not a class member, would have personal knowledge about key facts of the case and may not be able to separate their outside knowledge from the evidence presented. Second, Defendant argues that Plaintiff's proposal to exclude only class members is impractical and unworkable, as it would render the process of identifying eligible jurors impossibly complicated and speculative. Plaintiff does not object to excluding class members, but argues that to preemptively exclude current and former Cox customers who are not members of the class from the jury pool would be improper. As for Defendant's arguments regarding the inability to identify who

are class members with ease, Plaintiff disagrees, arguing that it may be easily determined who is an appropriate class member.

Defendant's Motion will be overruled. The Court will question those jurors who have been Cox customers to establish any potential bias. Plaintiff must state with particularity how to determine whether or not a potential juror is a potential class member so that anyone who falls within that definition may be readily excluded.

Accordingly, Cox Communication, Inc.'s Motion to Exclude Current and Former Cox Subscribers from the Jury Venire (Dkt. Nos. 314 & 315) is OVERRULED.

**CONCLUSION**

As set forth more fully herein, Plaintiff' Motion *in Limine* to Exclude Evidence and Argument Regarding Alleged Procompetitive Justifications for or Effects of the Alleged Tie (Dkt. No. 291) is OVERRULED; Plaintiff's Motion *in Limine* to Exclude Evidence and Argument That Premium Cable and the Set-Top Box Are Not Separate Products (Dkt. No. 294); Plaintiff's Motion *in Limine* to Exclude Cox from Offering Affirmative Opinions Regarding the Relevant Tying Product Market (Dkt. No. 297); Plaintiff's Motion *in Limine* Regarding Similar Litigation (Dkt. No. 301); Plaintiff's Motion *in Limine* Regarding Counsel Fees and Costs (Dkt. No. 302); and Plaintiff's Motion *in Limine* to Exclude Evidence or Argument That Set-Top Boxes Capable of Providing Class Members with All Premium Cable Programming and Services Were Available for Purchase at Retail (Dkt. Nos. 304 & 305) are all GRANTED. Plaintiff's Motion *in Limine* to Exclude Evidence of or Argument

Concerning Lawrence Harte's Bankruptcy or Any Obligations Arising Therefrom (Dkt. No. 307) is OVERRULED.

Defendant's Motion to Exclude Evidence and Argument That Cox Coerces Its Subscribers to Lease a Set-Top Box from Cox by Any Mechanism Other than the Denial of Access to Its Two-Way Services (Dkt. No. 282); Defendant's Motion to Exclude Certain Evidence Regarding Its DVR Service Product (Dkt. No. 283 & 285); Defendant's Motion to Exclude Evidence Regarding Plaintiffs' Tying and Tied Markets (Dkt. No. 292 & 293); Defendant's Motion to Exclude Evidence Related to Plaintiffs' Claim that Cox Failed to Help Manufacturers Develop a Retail Market for Two-Way Video Devices (Dkt. No. 298 & 303); Defendant's Motion to Exclude Testimony of Professor Justine Hastings Concerning Any Impact of Cox's Alleged Practices (Dkt. Nos. 306 & 308); Defendant's Motion to Exclude Argument and Evidence That Cox Should Have Sold Set-Top Boxes to Subscribers (Dkt. Nos. 310 & 311); and Defendant's Motion to Exclude Current and Former Cox Subscribers from the Jury Venire (Dkt. Nos. 314 & 315) are all DENIED. Defendant's Motion to Exclude the Testimony of David Park (Dkt. No. 312) is HELD IN ABEYANCE.

IT IS SO ORDERED this 24th day of September, 2015.

ROBIN J. CAUTHRON
United States District Judge