IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| COX ENTERPRISES, INC. SET-TOP ) | Case No. 12-ML-2048-C |
| CABLE TELEVISION BOX ) | |
| ANTITRUST LITIGATION ) | |
| ) | |
| RICHARD HEALY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| COX COMMUNICATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

At the close of Plaintiff's case in chief, Defendant moved for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a). The Court took the matter under advisement. Defendant presented its case-in-chief. The matter was submitted to the jury which reached a verdict in favor of Plaintiff. Defendant then filed a Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) or in the alternative a new trial. Plaintiff has now responded to the renewed Motion.

The legal standard applicable, as set forth by the Tenth Circuit, states:

> Judgment as a matter of law is appropriate only when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). We read this language to mean a court may grant the motion "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." Q.E.R., Inc. v. Hickerson, 880 F.2d 1178, 1180 (10th Cir. 1989).

Finley v. United States, 82 F.3d 966, 968 (10th Cir. 1996), rehearing en banc, 123 F.3d 1342 (10th Cir. 1997).

As the Court instructed the jury in instruction No. 10, there are five elements on which Plaintiff must offer evidence for a jury verdict in his favor. The Court determined as matter of law that Plaintiff had satisfied the first element, that being premium cable and set-top boxes are separate and distinct products. Therefore, the issue for the present motion is whether there was sufficient evidence for a jury to reach a determination for Plaintiff on the remaining four elements.

The Court finds that Plaintiff has failed to offer evidence which, even giving him the reasonable inferences required, would permit a jury to find in his favor on the fourth and fifth elements. As set forth in the instructions given to the jury, the fourth element states: "That the alleged tying arrangement has foreclosed a substantial volume of commerce in Oklahoma City to other sellers or potential sellers of set-top boxes in the market for set-top boxes." (Dkt. No. 422, p. 17.) The Court finds that Plaintiff failed to offer evidence from which a jury could determine that any other manufacturer wished to sell set-top boxes at retail or that Cox had acted in a manner to prevent any other manufacturer from selling set-top boxes at retail. Because of this, there is no evidence that Defendant foreclosed any competition. See Jefferson Parish Hosp. Dist. No. 2 v. Hyde, 466 U.S. 2, 27 (1984) ("Tying arrangements need only be condemned if they restrain competition on the merits by forcing purchases that would not otherwise be made."). The Tenth Circuit, in Fox Motors, Inc. v. Mazda Distribs. (Gulf), Inc., 806 F.2d 953, 957 (10th Cir. 1986), put it this way: "Tying arrangements pose [a risk

of stifling competition] when sellers exploit their control over one market to force buyers into accepting another product which would otherwise be purchased elsewhere." Because a set-top box could not be purchased elsewhere, through no fault of Defendant, there is no exploitation of the market or a stifling of competition.

In his Response, Plaintiff points to CableCARD and Tru2Way and argues the issues surrounding those items were evidence that Cox foreclosed entry into the market by a third-party set-top box manufacturer. However, there was no evidence presented to the jury that a manufacturer or potential manufacturer of set-top boxes refused to enter the market because of Defendant's actions regarding CableCARD or Tru2Way.[*] Plaintiff points to TiVo, arguing there was evidence it wanted to sell a set-top box at retail but did not because of Defendant. Plaintiff argues that the testimony regarding the TiVo's device established that the reason no such product existed during the class period was because of an indemnification issue between Cox and Motorola and not any technical constraint. Plaintiff argues, "The jury could reasonably have found that this purported 'indemnification issue' was manufactured by Cox to prevent the TiVo deal from being completed." (Dkt. No. 435, p. 11.) But there was no evidence on which the jury could reach that conclusion. Rather, Plaintiff invites unsupported speculation.

> The verdict of a jury must be based upon something more than mere speculation and conjecture. It is not sufficient to show a set of circumstances

---

[*] The Court notes Plaintiff's reliance on DX-205 for the proposition that Best Buy was reluctant to support Tru2Way because of its perception that cable companies had not supported CableCARD. This evidence is insufficient to establish foreclosure of the market by Defendant.

> bringing the theory of appellants within the realm of possibilities, nor can the theory itself furnish the deficiency; the evidence must bring the theory to the level and dignity of a probably [sic] cause.

Franklin v. Skelly Oil Co., 141 F.2d 568, 570-71 (10th Cir. 1944). Thus, Plaintiff's argument and evidence related to the TiVo product were insufficient to support a finding that Defendant foreclosed any competition.

Plaintiff also argued that the Consumer Electronics Association would like to see a robust two-way set-top box retail market and that there were consumer electronics companies interested in manufacturing boxes for retail. However, again, the evidence presented ended with a discussion of the desire – never was there any evidence the desire was prevented or blocked by actions from Cox. Thus, the leap in logic necessary to close the gap is again beyond that permissible by a jury. Id.

While the Court agrees with Plaintiff that Cox required a customer to rent a set-top box in order to obtain premium cable, there simply is no evidence from which a reasonable jury could determine that that arrangement led to a foreclosure of commerce. Indeed, the evidence that comes closest to supporting Plaintiff's position were the actions related to the set-top box purchased on ebay. However, that was an isolated and minimal incident and not within the geographic market. It simply cannot create the basis for an anti-trust action.

The instructions established the fifth element required Plaintiff to prove: "That Plaintiff was injured in his business or property because of the alleged tying arrangement." (Dkt. No. 422, p. 17.) That is, Plaintiff was required to show that that loss or injury arose from the competition-reducing aspect of Defendant's behavior. Elliott Indus. Ltd v. BP Am.

Prod. Co., 407 F.3d 1091, 1124-25 (10th Cir. 2005). Plaintiff has failed to offer evidence from which a jury could return a verdict in his favor on this issue, because he has failed to demonstrate that Cox's customers were harmed because of the alleged tie. For the reasons noted above demonstrating that there is no evidence that a competitor wished to sell set-top boxes at retail, Plaintiff cannot establish that any harm came to them because of any tying activity.

## **CONCLUSION**

For the reasons set forth herein, the Court finds that Cox Communications, Inc.'s Renewed Motion for Judgment as a Matter of Law (Dkt. No. 417) should be GRANTED. A separate judgment in favor of Defendant will enter.

IT IS SO ORDERED this 12th day of November, 2015.

ROBIN J. CAUTHRON
United States District Judge