IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COX ENTERPRISES, INC. SET-TOP | ) | Case No. 12-ML-2048-C |
| CABLE TELEVISION BOX | ) | |
| ANTITRUST LITIGATION | ) | |
| | ) | |
| ANDREW ALWERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COX COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| STANLEY FELDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COX COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The following proceedings are the latest iteration in this long-running Multi-District Litigation case. Plaintiffs originally sought to pursue their anti-trust action against Defendant as a national class action. The Court rejected that plan and that decision was affirmed on appeal. Plaintiffs then elected to proceed with regional class actions. Plaintiffs elected to proceed with certain "bellwether" cases. These started with Plaintiff Richard Healy pursuing his action against Defendant in Oklahoma. Following the conclusion of a

jury trial in that case, the Court granted Defendant's Fed. R. Civ. P. 50 motion and entered judgment in favor of Cox. That decision was affirmed on appeal. Plaintiffs Alwert and Feldman then sought leave to proceed with their state-based class actions. The Court determined that each Plaintiff had agreed to arbitrate any claims against Defendant. That decision was affirmed on appeal. Plaintiffs have now filed a Motion for Leave to File Amended Complaints seeking to name substitute plaintiffs to pursue class actions for the states of Arizona and Louisiana. Defendant has objected to Plaintiffs' Motion for Leave to Amend and argued that the proposed substitute plaintiffs are also subject to arbitration provisions and therefore the Court should deny the Motion for Leave to Amend as futile.

Plaintiffs seek leave to replace Mr. Feldman with Mr. Spencer and Mr. Gallop as proposed representatives for the Arizona class, and replace Mr. Alwert with Mr. Turner as proposed representative for the Louisiana class. In response to Plaintiffs' Motion, Defendant asserts that each of the proposed substitute plaintiffs has agreed to arbitrate his claims. Plaintiffs do not contest that the arbitration provisions are applicable to Mr. Spencer or Mr. Gallop; rather, Plaintiffs' only argument is that a recent decision from the Louisiana Supreme Court requires the Court to find that the arbitration provision applicable to Mr. Turner is an unenforceable contract of adhesion. In support of this provision, Plaintiffs rely upon Duhon v. Activelaf, LLC, ___ So.3d ___, 2016 WL 6123820 (La. Oct. 19, 2016).

The Louisiana Supreme Court has created a four-factor test to consider in determining whether or not an arbitration clause is an unenforceable contract of adhesion. See Aguillard v. Auction Mgmt. Corp., 908 So.2d 1 (La. 2005). Those four factors examine

"(1) the physical characteristics of the arbitration clause, (2) the distinguishing features of the arbitration clause, (3) the mutuality of the arbitration clause, and (4) the relative bargaining strength of the parties." Duhon, 2016 WL 6123820 at *4. Plaintiffs argue that the arbitration clause relied upon by Defendant violates each of these four factors.

Plaintiffs argue that the arbitration provision was not contained in either the annual notices or other messages contained within Plaintiff Turner's bill. According to Plaintiffs, those documents simply informed customers of Cox of the general provisions or existence of the arbitration clause and directed them to the Cox website for the complete provisions of the arbitration clause. Plaintiffs assert this process concealed the full details of the arbitration clause. Additionally, Plaintiffs argue that the general notification about arbitration was buried in a great deal of small print, which covered dozens of separate topics. However, examination of the actual documents submitted to Plaintiffs by Cox demonstrate the error in these arguments.

First, it is undisputed that in 2015 Defendant sent Mr. Turner its privacy and annual notice as a Cox customer, which included a separate paragraph entitled "Arbitration Policy and Class Action Waiver." See Dkt. No. 105, Ex. 2, p. 3. That notice advised all of Defendant's customers, including Mr. Turner, that it was adding an arbitration clause and that they would be notified of the change when it became effective, and the notice further provided an opportunity to opt out of the arbitration clause. On June 15, 2015, Defendant posted an Updated Terms and Conditions of Document, which is attached as Ex. 3 to Dkt. No. 515. Paragraph F of that document in bold, large type, was entitled "Dispute Resolution; Mandatory Binding Arbitration; and Class Action Waiver." That paragraph

3

provided a thorough explanation of the terms of the arbitration agreement and the steps necessary to opt out of the clause. It is undisputed that Mr. Turner received this document.

Finally, Ex. 6 to Dkt. No. 515 is a copy of the bill received by Mr. Turner for the period ending April 29, 2015, and included in the "News from Cox" section on that bill was an important notice outlining that Cox had imposed an arbitration agreement and that if customers such as Mr. Turner wanted to opt out they should do so within thirty days of the date of the bill, following the instructions set forth in the terms and conditions.

Unlike the arbitration clause in Duhon, which consisted of a series of check boxes without headings, textual enhancements, or other identifying features, the arbitration clause here was clearly spelled out and provided on multiple occasions to Cox customers, such as Mr. Turner. In Duhon, the court noted that the central question in determining the enforceability of an arbitration agreement was whether or not the plaintiff has truly consented to the arbitration provision. Id. at *4. The Duhon court noted the plaintiff there had not consented because the terms of the clause were obscured. Here, unlike the arbitration provision in Duhon, the physical characteristics distinguished the arbitration agreement from other language in the Customer Service Agreement. The paragraphs were not multi-subject paragraphs, but were solely related to the arbitration clause and its terms. Thus, the arbitration clause is far more similar to the one in Aguillard than the one in Duhon. Compare 907 So.2d at 16 with 2016 WL 6123820 at *5. After considering the physical characteristics of the arbitration clause and the distinguishing features of the arbitration clause from its surrounding text, as well as Mr. Turner's lack of objection to

4

those terms, the Court finds that Plaintiff Turner consented to the terms of the arbitration agreement. The first two factors weigh in favor of enforcing the arbitration clause.

Plaintiffs do not offer any persuasive argument on the issue of the mutuality of the arbitration clause or the relative bargaining strength of the parties. Accordingly, the Court finds that Plaintiffs' attempts to render the arbitration clause unenforceable based upon the Louisiana Supreme Court's decision in Duhon is without merit and the Court finds that the arbitration clause was consented to by Mr. Turner and it is enforceable as to his claims against Defendant.

Alternatively, Plaintiffs argue that the arbitration clause cannot be enforced because the class action that was brought by Mr. Alwert was pending at the time that he agreed to arbitrate his clause and thus the agreement to arbitrate would violate Rule 23 and the Court's stay. The Court finds this argument without merit. As has been determined on prior occasions, Mr. Turner was not yet a member of the class at the time that the arbitration clause went into effect. As the Court has repeatedly held, until the class is finally certified, persons such as Mr. Turner are merely potential members and therefore none of the restrictions as to class members would have applied to him. Further, as Defendant sets forth in its reply brief, recent U.S. Supreme Court decisions have made clear that claims such as Mr. Turner's cannot be removed from the reach of the Federal Arbitration Act by Rule 23. See Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 233-34 (2013). See also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 367 (2011), noting that the Rules Enabling Act forbids interpreting Rule 23 to abridge, enlarge, or modify any substantive right. In short, nothing about Mr. Turner's presence as a putative class member prevented

Cox from altering the terms of their agreement between it and those parties and therefore Cox was within its authority to create and impose the arbitration agreement.

For the reasons set forth herein, the Court finds that Plaintiffs' Motion for Leave to File Amended Complaints (Dkt. No. 511) is DENIED as futile, as each of the proposed substitute plaintiffs is subject to arbitration. Because the Court has rejected Plaintiffs' Leave to Amend, Defendant concedes that its Motion, in the Alternative, to Compel Arbitration and Stay Proceedings (Dkt. No. 514) is MOOT.

IT IS SO ORDERED this 27th day of March, 2018.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge